UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GARY L EARVEN,

    Petitioner,

v.                                                  Case No. 4:22cv57-WS-HTC

RICKY DIXON,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    Petitioner, Gary L. Earven, proceeding *pro se* and *in forma pauperis*, filed a petition under 28 U.S.C. § 2254, challenging his conviction for aggravated assault with a firearm, raising two grounds: (1) the trial court erred in denying his motion for judgment of acquittal based on lack of evidence of fear in the victim, and (2) ineffective assistance of appellate counsel for failing to fairly present that issue as a federal issue on direct appeal. ECF Doc. 1. After considering the petition, the record, the Secretary's response, ECF Doc. 12, and Petitioner's reply, ECF Doc. 15, the undersigned recommends the petition be DENIED without an evidentiary hearing.

## I. BACKGROUND

Petitioner was charged with aggravated assault with a firearm and possession of a firearm by a convicted felon, based on an altercation between him and Johnny Tucker that occurred on April 8, 2016.[1] On that afternoon, Tucker dropped his granddaughters off at their house from school and, while still in the car, engaged in conversation with a female from the house next door, asking her "where her man was". ECF Doc. 14-5 at 91-92. She did not respond, but two minutes later, the Petitioner came out of his house "with his hands in his pockets", asking "why you trying to talk to my woman?" *Id.*

Tucker told Petitioner he did not know she had a man and attempted to laugh it off, but Petitioner was "steady" and "the more [Tucker] was smiling it off or whatever, the more madder he got." *Id.* at 92. Tucker asked Petitioner, "why you got your hands in your pocket, first of all?" *Id.* at 91. When Petitioner did not respond but continued to approach Tucker, Tucker chose to retreat, backing out into the street. *Id.* Tucker thought Petitioner had a gun because Petitioner was using his hand to talk to Tucker, but the entire time had his other hand in his pocket. According to Tucker, having been out "on the street" he knew Petitioner had a gun. *Id.* at 99.

---

[1] He was originally charged with assaulting the victim's grandchildren as well, but the State dropped those charges in the Amended Information on June 28, 2017. Amended Information, ECF Doc. 8-1 at 18, *Earven v. Inch*, 4:18-cv-00492-WS-EMT.

Case No. 4:22cv57-WS-HTC

After Tucker got on to the street, he "rolled by [Petitioner] slowly" and was "smirking" because he felt like "there's no reason for [Petitioner] to come at me like that about talking to his woman . . . when I don't know she got a man." *Id.* Petitioner took the gun out of his pocket and shot it into the air, and Tucker "started laughing and [] just drove off." *Id.* Tucker, however, was not scared of the shot and thought Petitioner was just "being ignorant." *Id.* at 94. Tucker did feel threatened, however, when Petitioner walked towards him with his hand in his pocket. *Id.* at 95. Tucker's granddaughters saw the argument and the gun shot, and one of them ran next door to a neighbor who called 911. *Id.* at 53, 70, 81.

Petitioner was found guilty at trial on the charge of aggravated assault using a firearm charge, ECF Doc. 14-2, and later pled guilty to being a felon in possession of a firearm, ECF Doc. 14-3. He was sentenced to twenty (20) years on the aggravated assault charge and three (3) years on the felon-in-possession charge, with the sentences running concurrently. *Id.* at 10.

Petitioner filed a direct appeal (1D17-3148), and, on August 7, 2018, the First District Court of Appeal ("First DCA") affirmed *per curiam* without a written opinion. ECF Doc. 14-10. Before the judgment became final, Petitioner filed a federal habeas petition raising the same trial court error alleged in Ground One of the instant petition. *See Earven v. Inch*, 4:18-cv-00492-WS-EMT. That petition was denied because Petitioner failed to fairly present this claim as a federal claim in state court and Petitioner's claim that appellate counsel was ineffective for failing to raise

the claim did not suffice as cause to excuse the procedural bar. *Id.* ECF Doc. 21 at 1-2 (Order adopting report and recommendation, October 11, 2019).

Petitioner returned to state court and filed a Petition for New Appeal in the First DCA (1D19-3927), raising the issue that appellate counsel was ineffective for failing to fairly present the federal constitutional issue in the direct appeal ("IAAC Claim"). ECF Doc. 14-22. The First DCA denied the IAAC claim in a split, written opinion on June 4, 2021. ECF Doc. 14-25. Petitioner filed the instant federal petition on January 27, 2022, and the Respondent does not contest it is timely. *See* 28 U.S.C. § 2244(d)(1).

## II.  LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Under the AEDPA, relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 572 U.S. 415, 419 (2014).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *Id.* A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Case No. 4:22cv57-WS-HTC

## III. DISCUSSION

### A. Ground One: Trial Court Violated Due Process[2] by Denying Petitioner's Motion for Judgment of Acquittal

Because ground one is the exact ground that Petitioner raised in his prior petition in this Court, *Earven v. Inch*, 4:18-cv-00492-WS-EMT, it is a successive claim. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner admits he has not applied for permission from the Eleventh Circuit to file a successive petition. ECF Doc. 15 at 1. Petitioner argues this petition is not successive but appears to address only his ineffective assistance of appellate counsel claim which, as discussed below, is not successive.

Ground One, however, is clearly a successive claim and must be dismissed under 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

---

[2] Because Petitioner is a state prisoner, his Due Process argument should be analyzed under the Fourteenth Amendment, rather than the Fifth. Because he is *pro se*, the Court will construe this Ground as raising claims under the Fourteenth Amendment. *See Williams v. Griswald,* 743 F.2d 1533, 1542 (11th Cir. 1984) ("It is well established that the standards governing the sufficiency of habeas corpus petitions are less stringent when the petition is drafted *pro se* and without the aid of counsel"); *see also Gunn v. Newsome,* 881 F.2d 949, 961 (11th Cir.1989) ("we have never wavered from the rule that courts should construe a habeas petition filed *pro se* more liberally than one drawn up by an attorney").

Case No. 4:22cv57-WS-HTC

### B. Ground Two: Ineffective Assistance of Appellate Counsel for Failing to Present Ground One as a Federal Issue in State Court

As noted above, Petitioner raised this claim in a petition with the First DCA.[3] ECF Doc. 14-22. The First DCA issued a written opinion denying the petition on the merits. *Earven v. State*, 324 So. 3d 22 (Fla. Dist. Ct. App. 2021), *reh'g denied* (Aug. 30, 2021), *review denied*, No. SC21-1375, 2022 WL 151320 (Fla. Jan. 18, 2022). The First DCA found that "appellate counsel made a vigorous argument on the evidence-sufficiency issue," and "[t]he gloss of adding federal citations to Earven's arguments would not have improved them, affected the outcome of his direct appeal, or advanced his case." *Id.* at 24. Thus, counsel's conduct was not deficient.

This conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d). An ineffective assistance of counsel claim requires a showing that (1) counsel's performance during representation fell below an objective standard of reasonableness, and (2) prejudice resulted, *i.e.*, that a reasonable probability exists

---

[3] Although Petitioner also raised this argument in his first federal petition, *Earven v. Inch*, 4:18cv492-WS-EMT, the claim is not successive because it was not ripe at that time. *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("The statutory bar on 'second or successive' applications does not apply to a *Ford* claim brought in an application filed when the claim is first ripe.").

Case No. 4:22cv57-WS-HTC

that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

The federal sufficiency-of-the-evidence standard is set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). Pursuant to *Jackson*, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). Under Florida law, an assault is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011(1). An "aggravated assault" requires the assault be done "with a deadly weapon without intent to kill." Fla. Stat. § 784.021(1)(a).

Here, as the First DCA noted, the victim testified he felt a threat from Petitioner because he had a gun, was angry, and was approaching him with his hand in his pocket with the gun. The victim retreated because of this and, while he did testify he was not scared of the later gun shot in the air, this evidence of the prior threat was sufficient for "*any* rational trier of fact" to conclude that the victim had a well-founded fear of imminent harm from the firearm he knew Petitioner was holding in his pocket.

Since Petitioner's claim is based on the state court's interpretation of state law, the First DCA was correct that adding the "gloss" of a federal claim would have

Case No. 4:22cv57-WS-HTC

made no difference. A federal habeas court should decline to second-guess a state court's interpretation of state law. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (quoting *Herring v. Secretary, Department of Corrections,* 397 F.3d 1338 (11th Cir. 2005)).

Because a judgment of acquittal based on lack of substantial evidence, even if couched as a federal claim, would not have succeeded, Petitioner cannot meet either element of *Strickland*. An attorney cannot be deemed ineffective for failing to raise claims that are "reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quotation omitted). Petitioner is not entitled to habeas relief.

## IV.   CONCLUSION

### A.   Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.* Upon consideration,

the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 574.

B. **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "[B]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Earven*, 2016 CF 1077, in the Second Judicial District, in and for Leon County, Florida, ECF Doc. 1, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

DONE at Pensacola, Florida, this 28th day of February, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.