IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GARY L. EARVEN,

    Petitioner,

v.                                                                                                                                                   4:22cv57–WS/HTC

RICKY D. DIXON,

    Respondent.

_____

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (ECF No. 16) docketed February 28, 2023. The magistrate judge recommends that Petitioner's petition for writ of habeas corpus be denied. Petitioner has filed objections (ECF No. 19) to the report and recommendation.

In a prior petition for writ of habeas corpus, Petitioner asserted the same federal claim that he now asserts in Ground One of his second petition for writ of habeas corpus: namely, the state trial court violated his federal due process rights by denying Petitioner's motion for judgment of acquittal. In the prior habeas case,

the court determined that (1) this claim was unexhausted because Petitioner failed to provide notice to the state courts that he was raising a federal due process claim, and (2) Petitioner failed to show that "he is entitled to federal merits review of [t]his claim under any recognized exception to the procedural bar." *Earven v. Inch*, 4:18cv492–WS/EMT, ECF Nos. 16, p. 19, and 21 (adopting the magistrate judge's report and recommendation).

In this second habeas case, the magistrate judge asserts that Ground One is a successive claim subject to dismissal. ECF No. 16, p. 6. In his objections, Petitioner maintains that Ground One is not a successive claim because it was dismissed for failure to exhaust state remedies. Petitioner cites *Slack v. McDaniel*, 529 U.S. 473 (2000), wherein the Supreme Court held that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Id.* at 485–86. However, "[w]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." *Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007) (internal quotation marks omitted); *see also Young v. Sec'y, Fla. Dep't of Corr.*, 697 F. App'x 660,

661–62 (11th Cir. 2017) (citing cases and explaining that "a denial on grounds of [unexcused] procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition . . . 'second or successive' for purposes of the AEDPA"). Here, the magistrate judge correctly determined that Ground One was procedurally defaulted, thus presenting a successive claim.

In Ground Two of his habeas petition, Petitioner asserts a claim for ineffective assistance of appellate counsel ("IAAC") based on counsel's failure to present a federal due process claim in state court. Petitioner first raised this claim in state appellate court where the claim was denied on the merits. In the words of the state court, counsel's conduct was not deficient because "[t]he gloss of adding federal citations to Earven's [due process] arguments would not have improved them, affected the outcome of his direct appeal, or advanced his case." *Earven v. State*, 324 So. 3d 22, 24 (Fla. 1st DCA (2021). As did the magistrate judge, the undersigned concludes that the state court's rejection of Petitioner's IAAC claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. Petitioner is not entitled to habeas relief.

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (ECF No. 16) is

hereby ADOPTED and incorporated by reference into this order.

2. Petitioner's habeas petition, challenging his conviction in *State v. Earven*, 2016 CF 1077, in the Second Judicial District, in and for Leon County, Florida, (ECF No. 1) is DENIED.

3. A certificate of appealability is DENIED.

4. The clerk shall enter judgment stating: "Petitioner's habeas petition, challenging his conviction in *State v. Earven*, 2016 CF 1077, in the Second Judicial District, in and for Leon County, Florida, is DENIED.

5. The clerk shall close the case.

DONE AND ORDERED this   1st   day of   May  , 2023.


s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE